RETIREMENT — COUNTY EMPLOYEES A court reporter who qualified under 20 O.S. 106.8 [20-106.8] (1971) to withdraw as a member of the Oklahoma Public Employees Retirement System and return to the county retirement system may do so without time limitations and the employer's contributions may be withdrawn from the State Employees Retirement System and credited to her account in the county retirement system and the State may continue to pay the employer contribution to the county retirement system. The Attorney General is in receipt of your letter wherein you ask, in effect, the following three questions: 1. May a court reporter, who qualified under said Section 106.8 (passed May 7, 1969) but who continued to participate as a member of the Oklahoma Public Employees Retirement System on and after it passed and until the present time, exercise her option to withdraw from the State Retirement System at this time and rejoin the County Retirement System in which she was participating on January 12, 1969, or is there a time limitation for exercising said opinion? 2. May the Employer contributions which were made by the State of Oklahoma during said court reporter's membership in the State Retirement System also be withdrawn and paid to the County Retirement System on behalf of said court reporter? 3. May the State of Oklahoma continue to pay the State's Employer contribution to said County Retirement System as long as the court reporter is a participating member of said County Retirement System? Title 20 O.S. 106.8 [20-106.8] (1971) provides as follows: "Any court reporter who, on January 12, 1969, was a member of a county retirement system not participating in the Oklahoma Public Employees Retirement System shall have the option to continue as a member of said county retirement system or to become a member of the Oklahoma Public Employees Retirement System and shall be entitled to credit for all the years of prior service as a court reporter, but such court reporter shall not be entitled to participate in the Uniform Retirement System for Justices and Judges." All three of your questions may be answered by referring to House Bill 1299, Section 7, effective by reason of the Emergency Clause on June 5, 1975, enacted by the Thirty-Fifth Legislature, First Regular Session which provides in part as follows: ". . . Provided that 20 O.S. 106.8 [20-106.8] (1971), shall not be construed as repealed or as having a statute of limitations, and the funds paid by the employee and the employer may be withdrawn and paid to the county retirement system on behalf of a court reporter qualifying under 20 O.S. 106.8 [20-106.8] (1971); and, further, that said court reporter will continue as a state employee and the employer shall make the employer's contributions to the retirement system of which said court reporter is a member." It is, therefore, the opinion of the Attorney General that your question be answered as follows: A court reporter who qualified under 20 O.S. 106.8 [20-106.8] (1971) to withdraw as a member of the Oklahoma Public Employees Retirement System and return to the county retirement system may do so without time limitations and the employer's contributions may be withdrawn from the State Employees Retirement System and credited to her account in the county retirement system and the State may continue to pay the employer contribution to the county retirement system. (James H. Gray)